**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50389 |
| Plaintiff - Appellee, | D.C. No. 3:17-cr-02799-BAS-1 |
| v. | |
| LUZ DIVINA CARO-GUTIERREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California, San Diego
Cynthia A. Bashant, District Judge, Presiding

Submitted January 8, 2020[**]
Pasadena, California

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Luz Caro-Gutierrez appeals from the district court's judgment and challenges her jury-trial conviction for one count of importing cocaine in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291.

During trial, the Government meant to move to admit a short video excerpt from Caro-Gutierrez's post-arrest interview, but it mistakenly moved to admit a video of the entire interview, which included Caro-Gutierrez's invocation of her *Miranda* rights. Defense counsel immediately and successfully objected, but in doing so stated in front of the jury: "I believe that she invoked." Attributing the need for the defendant's objection to the Government's wrongful proffer, the defense on appeal argues that this created a *Doyle* violation.

In *Doyle v. Ohio*, 426 U.S. 610, 619 (1976), the U.S. Supreme Court held that it is a due process violation to use a defendant's post-arrest silence for impeachment purposes. Contrary to Caro-Gutierrez's argument, defense counsel's comment did not create a *Doyle* violation for two reasons. First, the Government did not "*use* for impeachment purposes" Caro-Gutierrez's post-arrest silence. *Greer v. Miller*, 483 U.S. 756, 763 (1987) (citation omitted); *see also United States v. Stubbs*, 944 F.2d 828, 835 (11th Cir. 1991) ("[A] single mention does not automatically suffice to violate defendant's rights when the government does not specifically and expressly attempt to *use* . . . the improper comment to impeach the defendant." (citation omitted)). Second, the district court not only sustained the

2

objection but also took proper curative measures in its jury instruction. *See Greer*, 483 U.S. at 764–66.

Furthermore, even if defense counsel's government-induced remark were a *Doyle* violation, no reversal would be warranted as the alleged error "was harmless beyond a reasonable doubt." *United States v. Ramirez-Estrada*, 749 F.3d 1129, 1133 (9th Cir. 2014). This Court considers three factors in assessing harmlessness of a *Doyle* error: "[1] the extent of comments made by the witness, [2] whether an inference of guilt from silence was stressed to the jury, and [3] the extent of other evidence suggesting defendant's guilt." *Id.* at 1137 (citation omitted) (alterations in original). The first two factors clearly favor the Government, because defense counsel's comment at issue was limited quantitatively and qualitatively and because the Government did not attempt at all to use Caro-Gutierrez's silence to suggest guilt. And as to the third factor, Caro-Gutierrez's guilt was very strongly suggested by other evidence, such as her dominion and control over her vehicle, the changes made to the vehicle to accommodate the importation scheme, and various text messages and photos on her phone.

Defendant's only other argument for reversal is her claim that, under Fed. R. Evid. 403, the district court erred in admitting the fact that Caro-Gutierrez received a computer-generated referral for secondary inspection. This evidence was probative because it explained why Caro-Gutierrez was sent to the secondary

inspection area, providing background information for the relevant officers' testimony. In addition, the evidence was not unfairly prejudicial, because the testimony regarding the computer-generated alert did not suggest that the alert showed Caro-Gutierrez's knowledge of the drugs in her car; rather, the Government elicited testimony that the alert might have been random, thus not suggestive of Caro's guilt.

Moreover, there was no objection under Rule 403 raised at the time, and so, even assuming arguendo that there was an error, it was not plain error. *See United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011) ("[I]n view of the inherently fact-specific nature of the Rule 403 balancing inquiry, and the special deference to which district courts' decisions to admit evidence pursuant to that Rule are entitled, it is the rare exception when a district court's decision to admit evidence under Rule 403 constitutes plain error.") (citation omitted) (alterations in original).

**AFFIRMED.**